IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TRAVIS A. SMITH,**

      **Petitioner,**

      v.                                    **Case No. 2:04-cv-1010**
                                              **JUDGE SARGUS**
**JEFFERY WOLFE, Warden,**           **Magistrate Judge KEMP**
      **Respondent.**

**ORDER and**
**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, respondent's supplemental return of writ, petitioner's response, petitioner's motion to expand the record (Doc. No. 19), respondent's response in opposition, and the exhibits of the parties.[1]

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss be **DENIED** and that proceedings in this action be **STAYED** while petitioner exhausts state court remedies as to his claims. The Magistrate Judge **RECOMMENDS** that petitioner be ordered to notify the Court within thirty days of the completion of state court proceedings and ordered to advise the Court every thirty days of the status of state court proceedings. Additionally, the Magistrate Judge **RECOMMENDS** that petitioner be advised that failure to comply with the

---

[1] On December 20, 2004, respondent filed a motion to dismiss this action as unexhausted; however, because it was unclear from the record whether petitioner's June 10, 2004, "Petition for Redress of Grievances," or his July 24, 2004 petition for post conviction relief were still pending in the state courts, on July 8, 2005, respondent was directed to provide supplemental briefing regarding the current status of such actions. On July 26, 2005, respondent filed his supplemental response. *See* Doc. No. 11. On August 12, 2005, petitioner filed a supplemental response.

foregoing may result in dismissal of this action.

Petitioner's request that respondent be ordered to supplement the record with a transcript of grand jury proceedings, petitioner's guilty plea and sentencing hearing, Doc. No. 19, is at this time **DENIED**.

## I. PROCEDURAL HISTORY

The procedural history is detailed in this Court's Order, July 8, 2005 (Doc. No. 11); however, the procedural history is repeated here for clarification, and as reflected by supplemental filings. On March 14, 2002, petitioner was indicted by the Washington County grand jury on trafficking in cocaine, with a forfeiture specification. Exhibit 1 to Return of Writ. On March 19, 2003, while represented by counsel and pursuant to a plea agreement,[2] petitioner pleaded guilty to the indictment without the forfeiture specification. Exhibit 3 to Return of Writ. On April 24, 2003, petitioner was sentenced to three years incarceration. Exhibit 4 to Return of Writ. Petitioner never filed a timely appeal of his conviction and sentence; however, he filed a *pro se* motion for judicial release, which motion was denied on November 12, 2003. Exhibits 5 and 6 to Return of Writ. Petitioner filed a timely appeal of the trial court's decision denying him judicial release, Exhibit 7 to Return of Writ; however, his appeal was dismissed by the appellate court for lack of jurisdiction, because the trial court's ruling on the motion for judicial release did not constitute a final appealable order. Exhibit 10 to Return of Writ. On January 6, 2004, petitioner filed a *pro se* motion for delayed appeal with the Fourth District Court of Appeals. Exhibits 11 and 12 to Return of Writ. As cause for his untimely filing, petitioner asserted that his attorney advised him that he could not appeal his guilty

---

[2] Petitioner agreed to also plead guilty to a breach of recognizance bond in Case Number 02-CR-292, and the state agreed to dismiss that charge at sentencing. *See* Exhibit 3 to Return of Writ.

2

plea. Exhibit 12 to Return of Writ. On March 31, 2004, the appellate court denied petitioner's motion for delayed appeal for failure to show good cause for the untimely filing. Exhibit 13 to Return of Writ. Petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court. He asserted the following propositions of law:

> 1. Although there is no constitutional right to appeal a criminal conviction, once [the] State grants right to appeal it must follow procedures comporting with the Fourteenth Amendment.
>
> 2. Due process claims are implicated when a defendant is denied adequate opportunity to present his claims and to receive adjudication on merits, or when defendants are treated differently in such a way that affects their ability to pursue a meaningful appeal.
>
> 3. Defendant-appellant has been denied his constitutional right to effective assistance of counsel, [and] has in fact been denied his constitutional right to due process of law and equal protection.

Exhibit 15 to Return of Writ. On September 1, 2004, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Exhibit 16 to Return of Writ. On April 28, 2004, petitioner filed a second motion for delayed appeal. Exhibits 17 and 18 to Return of Writ. On May 24, 2004, the appellate court again denied petitioner's motion for delayed appeal, and explicitly advised him that

> most if not all of the issues he wishes to raise would be inappropriate on direct appeal because they would involve matters outside of the record and only matters of record may be considered on direct appeal. The proper remedy for raising the claim of ineffective assistance of trial counsel based upon matters outside the record is a petition for postconviction relief under R.C. 2953.21 *et seq*.

Exhibit 19 to Return of Writ. On June 10, 2004, petitioner filed a "Petition for Redress of Grievances and to Vacate the Void Judgment that is Unconstitutional, Thus Void and Null," with the trial court. Exhibit 20 to Return of Writ. He asserted as follows:

3

> 1. [Petitioner was denied ] the protection afforded the Fifth Amendment of the United States Constitution against self-incrimination.
>
> 2. [Petitioner was denied] due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.
>
> 3. [Petitioner was denied] equal protection of the law under the Fourteenth Amendment to the United States Constitution.
>
> 4. [Petitioner was denied] the right to even reasonably effective assistance of counsel.

Exhibit 20 to Return of Writ.  On July 26, 2004, petitioner also filed with the trial court a petition for post conviction relief, in which he challenged the imposition of financial sanctions.  Exhibit 22 to Return of Writ.  Petitioner requested the appointment of counsel and an evidentiary hearing.  Exhibit 23 to Return of Writ.  On November 8, 2004, petitioner's post conviction petition, and his request for counsel and evidentiary hearing were denied.  Exhibits 24 and 25 to Return of Writ.  Petitioner filed a timely appeal of the appellate court's decision.  He asserted as follows:

> 1. The trial court committed prejudicial and reversible error when it failed in its legal duty to afford the petitioner his constitutional right to petition the court for redress of grievances pursuant to the First Amendment under the United States Constitution, and Section 16, Article I of the Ohio Constitution.
>
> 2. The trial court committed prejudicial reversible error in denying the post conviction petition, as all state court judges are bound by the United States Constitution, federal law and its treaties.

Exhibit 27 to Return of Writ.  Apparently, such action is still pending before the state courts.  *See Supplemental Return of Writ,* at 2.

On October 19, 2004, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He asserts that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

1. The conviction and sentence is void pursuant to the Fifth Amendment under the United States Constitution's clause of protection against self-incrimination.

On March 27, 2003, the petitioner testified before the Washington County grand jury while trial counsel was not present.

On April 8, 2003, petitioner entered his change of plea.

On April 24, 2003, the trial court... imposed a three year prison term based on the testimony (in part) before the Washington County grand jury.

2. The conviction and sentence is void pursuant to the Sixth Amendment under the United States Constitution under *Apprendi v. Washington* (2000), 530 U.S. 466, 490, 120 S.Ct. 2348; *Blakely v. Washington* (2004), 542 U.S. –, 124 S.Ct. 2531.

3. The conviction and sentence is void [under] due process of law and the equal protection clauses of the United States Constitution, [and] under the Fifth and Fourteenth Amendments, and under *Wolfe v. Randle* (S.D. Ohio 2003), 267 F.Supp.2d 743 (citing *Griffin v. Illinois, Douglas v. California*, and *Evitts v. Lucey*).

4. The conviction and sentence is void pursuant to the Fourteenth Amendment of the United States Constitution's Equal Protection Clause.

On January 6, 2004, petitioner filed his motion for leave in which to file a delayed appeal....

On March 31, 2004, the Fourth Appellate District Court of Appeals denied this motion.

On July 2004, Jason Lee Strickler... filed his motion for leave in which to file a delayed appeal...

On September 7, 2004, the Fourth Appellate District Court of Appeals, Washington County, Ohio granted Jason Lee Strickler... leave in which to file his delayed appeal.... Furthermore, the court held that the trial court's failure to inform Jason Lee Strickler of his right to appeal was contrary to Ohio law....

Accordingly, petitioner has been denied equal protection of the law.

5.  The conviction and sentence is void pursuant to the Fifth and Fourteenth Amendments of the United States Constitution's Due Process of Law clauses [sic]....

Petitioner was promised for [his] testimony before the grand jury, Case Number 02-CR292 would be dismissed and treatment in lieu of conviction would be imposed upon case number 02-CR000089.

\*\*\*

Accordingly, the conviction and sentence is void pursuant to the Due Process Clause of the United States Constitution on at least two grounds:

1.  Petitioner did not understand the full consequences of his [guilty] plea and;

2.  The plea was induced by unfulfilled... promises.


6.  The conviction and sentence is void pursuant to the Fourteenth Amendment to the United States Constitution's Equal Protection and Due Process Clause....

Petitioner was denied immunity from prosecution in return for his testimony to the grand jury.

7.  The conviction and sentence is void pursuant to the Fifth and Fourteenth Amendments to the United States Constitution's Due Process Clause.......

On March 27, 2003, petitioner testified under advice of trial counsel (Dennis Sipe) and to his understanding, as presented by counsel, the court would impose treatment in lieu of conviction for his testimony and cooperation.

Accordingly, the plea of guilty was not knowingly, intelligently, or voluntarily entered, and is therefore void.

It is the position of the respondent that this action must be dismissed as unexhausted.

## II.  EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

From the record before this Court, it appears that petitioner's appeal of the trial court's November 8, 2004, entry denying his petition for post conviction relief (in which he contested the imposition of financial sanctions), evidentiary hearing and appointment of counsel is still pending before the state appellate court. However, petitioner has not raised in this federal habeas corpus petition any issue regarding the improper imposition of financial sanctions.

Additionally, the record before this Court reflects that the state trial court has yet to issue a ruling on petitioner's June 10, 2004 "Petition for Redress of Grievances," wherein petitioner raises many of the same claims asserted herein. The trial court's November 2004 entries denying petitioner's motions simply do not refer to petitioner's June 10, 2004, "Petition for Redress of Grievances," *see* Exhibits 24 and 25 to Return of Writ, although petitioner does raise in his appeal of the trial court's November 8, 2004, decision denying his post conviction petition a claim that "the

7

trial court committed... reversible error when it" denied his petition for redress of grievances.[3] Exhibit 26 to Return of Writ.

As noted by the state appellate court, most of petitioner's claims appear to be based on matters not readily apparent from the face of the record which claims would be properly raised in a petition for post conviction relief pursuant to O.R.C. §2953.21. Assuming that petitioner's "Petition for Redress of Grievances," constitutes such an action, because such action is still pending, petitioner has not yet exhausted state court remedies as to his off-the-record claims. Petitioner would need to file a timely appeal of any adverse decision by the state trial court to the state appellate and Ohio Supreme courts in order to exhaust his claims properly in the state courts.

Although it appears that the instant petition for a writ of habeas corpus was timely filed,[4] the time period during which a federal habeas petition is pending does not toll the running of the statute of limitations under 28 U.S.C. §2244(d)(2). *Duncan v. Walker*, 121 S.Ct. 2120, 2124 (2001). Therefore, should this Court dismiss this action in its entirety, the statute of limitations may bar any attempt by petitioner to re-file his habeas corpus petition. Under such circumstances, this Court must consider whether a stay of proceedings pending petitioner's exhaustion of state court remedies instead would be appropriate. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

In *Rhines v. Weber*, – U.S. –, 125 S.Ct. 1528, 1534-35 (2005), the United States Supreme Court recently held:

> Stay and abeyance, if employed too frequently, has the potential to

---

[3] Respondent states that an appeal of the trial court's decision on petitioner's "Petition for Redress of Grievances" is still pending. *Supplemental Return of Writ*, at 3. However, the record before this Court does not support respondent's contention.

[4] Respondent did not raise any argument regarding the statute of limitations in this case.

undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition....

For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

\*\*\*

On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy*, 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *See id.*, at 520, 102 S.Ct. 1198 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Id.*

9

Respondent contends that petitioner cannot demonstrate good cause for his failure to exhaust state court remedies because any post conviction action would be untimely under O.R.C. §2953.21.[5] *Supplemental Return of Writ*, at 4.[6] Although there is yet little guidance as to what may constitute "good cause" for failing to exhaust state court remedies,

> [s]hortly after its decision in *Rhines,* the Supreme Court stated in *dicta* that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."

*Bartelli v. Wynder,* 2005 SL 1155750 (E.D. Pa. May 12, 2005)(holding that petitioner's reasonable confusion about whether he could raise claims in post conviction constituted good cause for failure to exhaust), quoting *Pace v. DiGuglielmo*, – U.S. –, 125 S.Ct. 1807, 1813 (2005).

Here, it appears that petitioner may have been confused as to where he should properly raise his off-the-record claims. Petitioner filed his June 10, 2004, "Petition for Redress of Grievances" in the state trial court prior to the filing of the instant habeas corpus petition, and shortly after the state appellate court directed him in its May 24, 2004, dismissal of his second motion for delayed

---

[5] O.R.C. §2953.21 provides:

> (2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

[6] Petitioner continues to argue that he has fairly presented and exhausted all of his claims in the state courts. *See Supplemental Traverse.*

10

appeal, as to the proper avenue for raising his off-the-record claims. Further, although respondent argues that any post conviction action filed by petitioner would have been untimely, the state courts have not yet determined such issue.

Additionally, the record fails to reflect that claim three is plainly without merit. *See Rhines v. Weber, supra*. Petitioner asserts therein that he was never advised of his right to appeal his guilty plea, and that as a result, he was denied his right to appeal. Further, petitioner alleges, *inter alia*, that his attorney told him that he could not file an appeal. *See Petition*. Such allegations, if true, may warrant relief. *See Wolfe v. Randle*, 267 F.Supp.2d 743, 747-748 (S.D. Ohio 2003)(holding that "due process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights")(citations omitted).

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss this action on grounds of exhaustion be **DENIED** and that proceedings be **STAYED** while petitioner exhausts state court remedies. The Magistrate Judge **RECOMMENDS** that petitioner be ordered to notify the Court within thirty days of the completion of state court proceedings and be ordered to advise the Court every thirty days of the status of state court proceedings. Additionally, the Magistrate Judge **RECOMMENDS** that petitioner be advised that failure to comply with the foregoing may result in dismissal of this action.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper

objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Petitioner's request that respondent be ordered to supplement the record with a transcript of grand jury proceedings, petitioner's guilty plea and sentencing hearing, Doc. No. 19, is at this time **DENIED**.

**IT IS SO ORDERED.**

```
                                          /s/ Terence P. Kemp
                                          United States Magistrate Judge
```