## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**TRAVIS A. SMITH,**

      **Petitioner,**

    **v.**                       **Case No. 2:04-cv-1010**
                                        **JUDGE SARGUS**
**JEFFERY WOLFE, Warden,**       **Magistrate Judge KEMP**
      **Respondent.**

## REPORT AND RECOMMENDATION

The sole claim remaining for this Court's consideration is claim three, wherein petitioner asserts that he was denied due process and his right to appeal because he was unaware of his right to appeal, and neither the trial court nor his attorney advised him of his right to appeal his guilty plea. According to petitioner, his attorney told him that he could not appeal his guilty plea. See Exhibit 12 to Return of Writ.

Respondent has now filed supplemental briefing in response to petitioner's allegations. Doc. No. 38.  Respondent has attached an affidavit from trial counsel which indicates as follows:

> 4. Affiant... states that he represented Travis Smith in Case Numbers 02 CR 292 and 02 CR 89 in the Court of Common Pleas for Washington County, Ohio.
>
> 5. Affiant further says that as counsel for Travis Smith he reached an agreement with the State of Ohio calling for Travis Smith to enter pleas of guilty in both cases and testify before the Washington County Grand Jury concerning his prior representation by other counsel and a Breach of Recognizance Case (02 CR 292) in addition to the State of Ohio would remove a Specification in the 02 CR 89 case and would not seek forfeiture of the automobile used by Travis Smith.  Further, the 02 CR 292 case would be dismissed when the Defendant appeared for sentencing on both cases.  All of these agreements were fulfilled in Travis Smith's case.

\*\*\*

7.  Affiant further states consistent with Affiant's practice, Travis Smith was advised that he and Affiant would learn of his sentence at the Sentencing Hearing and that a maximum sentence was a possibility given that the Defendant had been to prison before.

8.  Affiant further states that following the sentencing, Affiant consistent with his standard practice, advised Travis Smith he did not receive a maximum sentence (five years) and he did not have an automatic appeal, but if he wanted his three year sentence appealed that the Court of Appeals had previously advised attorneys that this Court of Appeals believed they could increase or decrease a sentence given in the Common Pleas Court.  Affiant consistently recommends that no three year sentence be appealed if the Defendant has been to prison before and no Court of Appeals would lower such a sentence. Travis Smith would have been told this.

9.  Affiant further states he would have also discussed Judicial Release with Travis Smith.  In this case, counsel advised Travis Smith he would meet with the Prosecutor and the Judge in approximately six months as no Judicial Release could be filed until one hundred eighty days had passed since Travis Smith had entered the prison system of Ohio.  Affiant did meet with the Judge and Prosecutor and advised Travis Smith by letter that the Judge indicated Judicial Release would be denied.  Affiant advised against filing. Affiant never promised Travis Smith anything other than he would meet and seek Judicial Release from the Court, which happened in this case.

*Affidavit of Dennis L. Sipe, Exhibit A* to Supplemental Return of Writ.  Thus, there now appears to be a factual dispute as to whether petitioner was, in fact, advised of his right to appeal his guilty plea by trial counsel.

No evidentiary hearing is required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Smith v. United States*, quoting *Fontaine v. United States,* 411 U.S. 213, 215, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973) (citation omitted) and citing *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir.1996).  However, "[w]here there is a

factual dispute, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims."  *Id.,* citing *Turner v. United States*, 183 F.3d 474, 477 (6th Cir.1999).

Additionally, and for the reasons discussed by the United States District Court for the Southern District of Ohio, Western Division, in *Wolfe v. Randle*, 267 F.Supp.2d 743 (S.D. Ohio 2003), this Court likewise concludes that petitioner has alleged facts which, if true, may entitle him to relief.  Respondent's reference to *Murphy v. Wilson*, Case No. 5:05-cv-2515, (N.D. Ohio, Eastern Division March 31, 2006), Exhibit B to Supplemental Return of Writ, does not alter this Court's conclusion. In *Murphy v. Wilson, supra*, an unreported case, the Northern District Court rejected the petitioner's assertion that he had been denied his right to appeal where petitioner had been advised by the trial court that "if he took the plea... he would have 'essentially, no appellate rights'".  *See id.*  In denying petitioner's claim, the District Court stated:

> Notwithstanding that *Wolfe* itself is not binding on this Court, the petitioner in *Wolfe* was completely unaware that he had the right to appeal.  In other words, there was no evidence that he knew about his appellate rights.  *Wolfe*, 267 F.Supp.2d 743.  Here, however, there is evidence that Petitioner knew he had appellate rights because the trial court explicitly told him that if he accepted the plea he would be giving up those rights.  The fact that the court did not advise Petitioner as to the particulars of the appeal, as the Magistrate Judge correctly notes, is not evidence in and of itself that Petitioner suffered prejudice.

*Id.*  The Court also referred to *Peguero v. United States*, 526 U.S. 23, 24 (2003), wherein the United States Supreme Court held "a district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission."  Here, in contrast, the sole evidence in the record before this Court indicating that petitioner knew about his right to appeal, is trial counsel's affidavit, which affidavit petitioner disputes.  Nothing in the trial transcript reflects that petitioner was aware of his right to appeal,

3

set

although he apparently did have a significant criminal record.

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that petitioner be appointed counsel and that an evidentiary hearing be held on the issue of whether petitioner was advised or knew about his right to appeal the guilty plea.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge